**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLENN FITZGERALD PADGETT, | 2:03-cv-2553-GEB-CMK-P |
| Petitioner, | |
| vs. | <u>ORDER</u> |
| ROBERT HERNANDEZ, et al., | |
| Respondents. | |
| _____ / | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's request for a certificate of appealability (Doc. 46), filed on August 29, 2005.

Before petitioner can appeal the judgment entered in this case, a certificate of appealability must issue. <u>See</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a

certificate of probable cause or state the reasons why such a certificate should not issue."

The timely filing of a notice of appeal is a jurisdictional requirement. See Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). The time limit for filing a notice of appeal following entry of judgment is thirty days. See Fed. R. App. P. 4(a). Petitioner's notice of appeal in this action was filed more than thirty days after entry of judgment. It is, therefore, untimely and cannot provide the court of appeals with jurisdiction. The issuance of a certificate of appealability cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. Cf. Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir. 1978) (addressing issuance of a certificate of probable cause). Because petitioner's notice of appeal is untimely, the court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for a certificate of appealability is denied.

DATED: December 6, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge